IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OL USA LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>MAERSK A/S,<br><br>      Defendant. | Civil Action No. 1:23-cv-10283<br><br>**PLAINTIFF OL USA LLC'S MOTION TO DISMISS MAERSK A/S'S SECOND AMENDED COUNTERCLAIM** |

I. **PRELIMINARY STATEMENT**

Maersk A/S's ("Maersk") Second Amended Counterclaim fails to fix the pleading deficiencies of its First Amended Counterclaim. Although it identifies the contract provisions OL USA LLC ("OL USA") allegedly breached, Maersk fails to sufficiently allege that OL USA is bound by HLS's Service Contract with Maersk. The Counterclaim still lacks any facts from which the Court could infer a plausible negligence claim against OL USA and fails to allege facts sufficient to overcome the economic loss doctrine. Finally, Maersk's new breach of contract/account stated claim fails because Maersk does not allege it performed its obligations under the contract or that the parties agreed on the amount allegedly owed.

Moreover, Maersk's Counterclaim continues to rely on a strained interpretation of the relevant facts. After the Shipping Containers were returned to the Port of Savannah, Maersk proceeded to use the Shipping Containers for its own customers' exports and without paying OL USA for their use. Maersk benefited from the inadvertent in-gating of the Shipping Containers, yet now seeks to bring claims against OL USA for non-existent damages. As Maersk is well aware, the Shipping Containers have been traveling the world on Maersk's business as OL USA tried to track them down to be returned. Thus, this Counterclaim should be dismissed with prejudice.

Maersk has already amended its Counterclaim twice and should not be given yet another bite at the apple to manufacture a plausible claim against OL USA.

## II. STATEMENT OF FACTS

During November and December 2021, five Shipping Containers were tendered to Maersk loaded by Honour Lane Shipping ("HLS") as the shipper at the Port of Shanghai, China for ocean transportation under Maersk Waybills Nos. 268438163 and 268438173, discharged at the Port of Savannah, Georgia, and delivered to HLL as the consignee. Counterclaim ¶ 3. The Waybills incorporate by reference the terms and conditions of Service Contract No. 372388211 between Maersk and HLS ("HLS Service Contract"). *Id.* at ¶ 6. Separately and unrelated to the HLS Service Contract, Maersk and OL USA conducted business directly with one another under Service Contract No. 298548068 and Service Contract No. 10658743 (collectively, "OL USA Service Contracts"). *Id.* ¶ 18.

At some point, OL USA's Shipping Containers were returned to the Georgia Ports Authority. *Id.* ¶ 12. After the Shipping Containers returned, they were placed in Maersk's container inventory. *Id.* at ¶¶ 28, 32. Maersk used the Shipping Containers for its own purposes until they were returned to OL USA. Second Amended Answer ("Answer") ¶ 15.[1]

## III. LAW AND ARGUMENT

"In considering a motion to dismiss a counterclaim, the court applies the same standards as a motion to dismiss a complaint." *Zurich Am. Life Ins. Co. v. Nagel*, 571 F. Supp. 3d 168, 175 (S.D.N.Y. 2021). Pursuant to Rule 12(b)(6), a counterclaim must contain "sufficient factual matter,

---

[1] "[W]hen considering a motion to dismiss a counterclaim for failure to state a claim, the Court must accept the material facts alleged in defendant's answer and counterclaim as true and construe all reasonable inferences in favor of defendant." *Masefield AG v. Colonial Oil Indus.*, No. 05 CIV. 2231 (PKL), 2006 WL 346178, at *3 (S.D.N.Y. Feb. 15, 2006).

accepted as true, to 'state a claim for relief that is plausible on its face.'" A*shcroft v. Iqbal*, 556 U.S. 662, 678 (2009 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

### A. Maersk Fails To State A Breach of Contract Claim Against OL USA.

"Under New York law, there are four elements to a breach of contract claim: '(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 188 (S.D.N.Y. 2011) (internal citation omitted). Both of Maersk's breach of contract claims fail because Maersk does not adequately allege that OL USA is a party to or otherwise bound by the HLS Service Contract.

Maersk's first breach of contract claim is premised on OL USA's alleged breach of its own Service Contracts with Maersk. First, the OL USA Service Contracts do not apply to the Shipping Containers; rather, the Shipping Containers were subject to the HLS Service Contract between Maersk and HLS and Waybills 268438163 and 268438173. Counterclaim ¶¶ 2-3. Therefore, the OL USA Service Contracts have no applicability to any alleged breach stemming from the Shipping Containers. Second, Maersk's allegation that OL USA had actual or constructive knowledge of and accepted all such terms and conditions of the HLS Service Contract because it *separately* agreed to its own Service Contracts with Maersk for *different* ocean transportation is nonsensical. Counterclaim ¶¶ 20, 23. The fact that OL USA may have agreed to similar terms and conditions in a separate business relationship with Maersk does not mean that OL USA agreed to

3

be bound by the HLS Service Contract. This is especially true, considering the HLS Service Contract predates the OL USA Service Contracts—the HLS Service Contract was effective beginning January 1, 2021 (*Id.* ¶ 2) but the OL USA Service Contracts both became effective in October 2021 (*Id.* ¶ 18). Therefore, the first breach of contract claim fails.

Maersk's second breach of contract claim fails for the same reason: Maersk does not adequately allege that OL USA was a party to or bound by the terms and conditions of the HLS Service Contract with Maersk or its applicable Tariff and Waybills issued to HLS. The Counterclaim contains no factual support for the proposition that the HLS Service Agreement extended to OL USA—who was not a party to the Waybills or the Service Contract. Counterclaim ¶ 6. Even in instances when a third party is an intended beneficiary to a bill of lading, it generally is not bound by the bill of lading unless it exhibited acceptance to be so bound or has an agency relationship with one of the contracting parties. *In re M/V Rickmers Genoa Litig.*, 622 F. Supp. 2d 56, 72 (S.D.N.Y.), *opinion adhered to on reconsideration*, 643 F. Supp. 2d 553 (S.D.N.Y. 2009), *and aff'd sub nom. Chem One, Ltd. v. M/V RICKMERS GENOA*, 502 F. App'x 66 (2d Cir. 2012). *See also Stein Hall & Co. v. S. S. Concordia Viking*, 494 F.2d 287, 291 (2d Cir. 1974) ("The stevedore is not a party to the bills of lading and is not bound by their terms unless it contracts to be so.").[2] Maersk's overly broad definition of a "Merchant" in the HLS Service Contract cannot overcome the fact that OL USA is not a party to an agreement it never signed. *Id.* ¶¶ 10,12. Aside from conclusory statements, the Counterclaim does not allege that OL USA accepted the terms of HLS's Service Contract or intended to be bound by it.

---

[2] "[I]t is axiomatic that '[a] contract cannot bind a non-party unless the contract was signed by the party's agent, the contract was assigned to the party, or the signatory is in fact the 'alter ego' of the party.'" *Arcadia Biosciences, Inc. v. Vilmorin & Cie*, 356 F. Supp. 3d 379, 390 (S.D.N.Y. 2019).

Additionally, Maersk fails to adequately allege that OL USA was HLS's agent. "New York common law provides that an agency relationship results from a manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and the consent by the other to act." *Bigio v. Coca-Cola Co.*, 675 F.3d 163, 175 (2d Cir. 2012). Maersk's passing reference to a potential agency relationship between OL USA and HLS is insufficient and falls well short of adequately alleging such a relationship existed. Counterclaim ¶ 16.[3] *See Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp. 3d 191, 215 (S.D.N.Y. 2014) ("Because the Complaint alleges no specific facts that would support a plausible inference of an agency relationship…the Court grants [] Defendants' Motion To Dismiss this claim."); *Cannon v. Douglas Elliman, LLC*, No. 06 CIV.7092, 2007 WL 4358456, at *5 (S.D.N.Y. Dec. 10, 2007) (dismissing claims because "the complaint only contains conclusory allegations of an agency relationship" where the complaint simply states that the defendants acted as "agents for each other."). Maersk offers only conclusory allegations that OL USA was acting as HLS's agent. Accordingly, the Counterclaim fails to adequately allege that OL USA was bound to the HLS Service Contract with Maersk due to an agency relationship with HLS.

Additionally, both of these breach of contract claims fail because Maersk fails to allege that it performed its obligations under the HLS Service Contract. *See R.H. Damon & Co. v. Softkey Software Prod., Inc.*, 811 F. Supp. 986, 991 (S.D.N.Y. 1993) ("[W]hen pleading a claim for the breach of an express contract, as in the instant case, the complaint must contain some allegation

---

[3] "By reason of plaintiff OL USA's shipper, consignee, VOCC, container, lessee, agency, or other contractual relationship with HLS or HLL, and plaintiff's integral relationship with HLS and HLL…plaintiff was a party to the relevant shipping transactions among Maersk, HLS, and HLL…".

that the plaintiffs actually performed their obligations under the contract."). The failure to allege its own performance is grounds for dismissal.

### B. Maersk Fails To State A Breach of Contract/Account Stated Claim Against OL USA.

Maersk's breach of contract/ account stated claim against OL USA fails under either theory. Under a breach of contract theory, this claim fails because Maersk does not allege that it performed its own obligations under the contract. "Plaintiff's failure to allege that it performed its own obligations under the contract, whatever they may be, is sufficient to warrant dismissal of its breach of contract causes of action." *Syracuse v. Loomis Armored US, LLC*, No. 5:11-CV-00744 MAD, 2012 WL 88332, at *5 (N.D.N.Y. Jan. 11, 2012). Additionally, the Counterclaim is devoid of any facts such that OL USA could discern which invoices are allegedly outstanding and which Service Contract OL USA allegedly breached.

Under an account stated theory, this claim fails because Maersk does not allege that the parties came to an agreement with respect to the amount due. "An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due." *Whiteman, Osterman & Hanna, LLP v. Oppitz*, 105 A.D.3d 1162, 1163, 963 N.Y.S.2d 432, 433 (2013). In a conclusory fashion, Maersk alleges that OL USA owes it $100,000.00. Counterclaim ¶ 37. Even assuming OL USA owes Maersk money, Maersk fails to allege that the outstanding amount is presently due in its entirety. In fact, OL USA's bills are not due upon issuance. Furthermore, the amounts due to Maersk change weekly as the parties have an ongoing business relationship, and OL USA regularly pays Maersk. Based on the parties' dynamic relationship, it is highly improbable that the outstanding amount as of July 3, 2024 is still the outstanding amount. Regardless, Maersk fails to allege that the parties agreed

OL USA owes Maersk $100,000.00.[4] This is fatal to its account stated claim. *See Episcopal Health Servs., Inc. v. Pom Recoveries, Inc.*, 138 A.D.3d 917, 919, 31 N.Y.S.3d 113, 115 (2016). ("An essential element of an account stated is that the parties came to an agreement with respect to the amount due.").

### C. Maersk's Negligence Claim Is Barred By The Economic Loss Rule.

Maersk's negligence claim is barred by the economic loss rule which "prohibits a plaintiff from recovering in tort for claims arising out of the breach of contract" and "prevents a plaintiff from recovering purely economic losses in a negligence action." *SEI Invs. Glob. Funds Servs. v. Citibank, N.A.*, 100 F. Supp. 3d 447, 455 (E.D. Pa. 2015) (applying New York law) (dismissing plaintiff's negligence claim). The economic loss rule "precludes parties from improperly attempting to convert contract claims to tort claims seeking the same damages." *Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 472 (S.D.N.Y. 2016), *aff'd*, 759 F. App'x 42 (2d Cir. 2019); *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, No. 10 CIV. 8299 RWS, 2011 WL 3847376, at *6, n. 5 (S.D.N.Y. Aug. 30, 2011) ("It is well established that a tort claim cannot be predicated on a mere breach of contract, but may only succeed if the plaintiff alleges the violation of an independent duty.").

Maersk's negligence claim falls squarely within the purview of the economic loss rule. Maersk's negligence claim arises from the same set of facts as its breach of contract claims and seeks the same economic damages. Not only does Maersk fail to allege the violation of an independent duty, but its breach of duty allegations also mirror its breach of contract allegations.

---

[4] Conveniently, Maersk fails to provide any invoice numbers, dates, or other identifying information such that that OL USA, or the Court, could discern how Maersk arrived at this figure.

*Compare* Counterclaim ¶¶ 28-29, 31-32 *with* ¶ 41. Thus, Maersk's negligence claim is barred by the economic loss rule.

### D. Maersk Fails To State A Negligence Claim Against OL USA Because OL USA Did Not Owe Maersk a Duty.

Even assuming the economic loss rule does not bar the negligence claim, it should still be dismissed because Maersk fails to allege any of the elements of negligence which are "(1) a duty owed by the defendant to the plaintiff; (2) breach of that duty; (3) proximate causation of the plaintiff's injuries; and (4) damages." *Silivanch v. Celebrity Cruises, Inc.*, 171 F. Supp. 2d 241, 252 (S.D.N.Y. 2001).

Critically, Maersk's failure to adequately allege that OL USA owed it a duty is fatal to its negligence claim. The existence of a duty is "a *sine qua non* of a negligence claim: In the absence of a duty, as a matter of law, no liability can ensue." *Dung Nguyen v. Morrison Healthcare*, 412 F. Supp. 3d 196, 201 (E.D.N.Y. 2018) (internal citations omitted). "Where the only duty owed to the plaintiff arises from a valid contract, a negligence claim does not lie." *Banco Indus. de Venezuela, C.A. v. CDW Direct, L.L.C.*, 888 F. Supp. 2d 508, 512 (S.D.N.Y. 2012) (granting motion to dismiss negligence claim). The existence and scope of an alleged tortfeasor's duty is a legal question. *See, e.g., In re Lake George Tort Claims*, 461 F. App'x 39, 40 (2d Cir. 2012) (internal citations omitted).

As alleged by Maersk, the parties' relationship is governed by contract. Maersk's conclusory statement that OL USA had a general duty of reasonable care falls short of explaining what, if any, independent duty OL USA allegedly beached. Counterclaim ¶ 39. Further, there is nothing in the Counterclaim from which such an inference may be drawn. This alone warrants dismissal. *See, e.g., Delice v. Rhymes N. Dimes Brands*, No. 20-CV-9352 (LTS), 2021 WL

1534223, at *2 (S.D.N.Y. Apr. 19, 2021) ("Plaintiff fails to state a claim of negligence because Defendant did not owe him a duty of care.").

### E. Maersk Cannot Sate A Claim for Negligence Because It Cannot Establish Breach, Proximate Cause, or Damages.

Even assuming OL USA owed Maersk a duty, which it plainly did not, Maersk's negligence claim still fails because it does not adequately allege the remaining elements of the claim. First, the Counterclaim does not adequately allege that OL USA breached a duty. In fact, Maersk admits that OL USA notified it that the Shipping Containers had been wrongfully returned to the Port of Savannah, and that OL USA sent a demand letter seeking their return. Answer ¶¶ 15; 27. Maersk has not alleged any fact to indicate OL USA's conduct was unreasonable in this situation such that it breached a duty. Therefore, it has not sufficiently alleged breach of duty.

Second, Maersk does not plead that OL USA proximately caused it damage. Proximate cause is "that 'which in a natural sequence, unbroken by any new cause, produces that event and without which that event would not have occurred.'" *Phillips ex rel. Green v. City of New York*, 453 F. Supp. 2d 690, 742 (S.D.N.Y. 2006). Maersk's alleged damages stem from costs associated with holding OL USA's Shipping Containers. The proximate cause of these damages was placing the Shipping Containers in Maersk's container inventory. However, Maersk does not allege that OL USA performed this act. Rather, Maersk alleges that OL USA hired container drayage motor carrier (Counterclaim ¶ 5) and vaguely alleges that the Shipping Containers were placed in Maersk's container inventory "without its knowledge or agreement." Counterclaim ¶¶ 28, 32. Thus, Maersk has failed to adequately allege OL USA proximately caused Maersk's alleged damages.

Finally, Maersk has failed to adequately allege that it has suffered any damages. Quite the contrary. Maersk benefitted from this chain of events because it used OL USA's Shipping

Containers without any of the costs. Answer ¶ 15. If anything, Maersk has been unjustly enriched by its use of OL USA's Containers.[5]

## IV. CONCLUSION

For the foregoing reasons, OL USA respectfully request that the Court dismiss Maersk's Counterclaim with prejudice.

Dated: July 24, 2024

Respectfully submitted,

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

*/s/ Kelly E. Mulrane*
Deana S. Stein (DS5047)
Eric Larson Zalud (admitted *pro hac vice*)
Caroline R. Hamiton (admitted *pro hac vice*)
127 Public Square, Suite 4900
Cleveland, Ohio 44114
T: (216) 363-4500
F: (216) 363-4588
E: dstein@beneschlaw.com
   ezalud@beneschlaw.com
   chamilton@beneschlaw.com

Kelly E. Mulrane (admitted *pro hac vice*)
41 S. High Street, Suite 2600
Columbus, Ohio 43215
T: (614) 223-9300
F: (614) 223-9330
E: kmulrane@beneschlaw.com

*Attorneys for Plaintiff OL USA LLC*

---

[5] For the same reason, Maersk has suffered no damages for its breach of contract claim.